# EXHIBIT A

# COMPLAINT WITH JURY DEMAND

Electronically Filed
8/27/2019 10:33 AM
Steven D. Grierson
CLERK OF THE COURT

**COMJD**
STEVEN H. BURKE, ESQ.
Nevada Bar No. 14037
LAW OFFICE OF STEVEN H. BURKE, LLC
D.B.A. THE 808 FIRM
9205 W. Russell Road, Suite 240
Las Vegas, Nevada 89148
T: 702-793-4369 | F: 702-793-4301
Email: stevenburkelaw@gmail.com

*Attorney for Plaintiff*

CASE NO: A-19-800900-C
Department 31

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| PAYNE KEE, an individual<br><br>Plaintiff,<br><br>vs.<br><br>BULWARK EXTERMINATING, LLC; DOES I through X; and ROE Corporations XI through XX, inclusive,<br><br>Defendant. | Case No.<br>Dept. No.<br><br>**COMPLAINT WITH JURY DEMAND** |

## COMPLAINT

COMES NOW Payne Kee ("Plaintiff" or "Kee"), by and through his attorney, Steven H. Burke, Esq. of Law Office of Steven H. Burke, and hereby files his Complaint and complains of Defendant Bulwark Exterminating, LLC ("Defendant" or "Bulwark") as follows:

### VENUE AND JURISDICTION

1. This is a civil action for damages under state and federal laws prohibiting unlawful employment actions and to secure the protection of and to redress deprivation of rights under these laws.

2. Jurisdiction and venue are based upon federal and state law.

3. Jurisdiction and venue are also proper based upon Plaintiff's claims under Nevada state and common law.

4. Plaintiff hereby designates Clark County as the venue for this proceeding per NRS

Page 1 of 10

§ 13.040 and files in the Eighth Judicial District Court accordingly.

5. The alleged unlawful employment actions occurred in this judicial district.

## PARTIES

6. At all times relevant, Plaintiff is and was an individual residing in Clark County, Nevada.

7. At all times relevant, Defendant is and was a Foreign Corporation incorporated under the laws of the State of Arizona and listed as a Foreign Entity with the Nevada Secretary of State.

8. At all times relevant, Defendant was conducting business in Clark County, Nevada.

9. At all times relevant, Defendant had custody and/or control over Plaintiff and his employment, and Defendant was responsible for Plaintiff's labor and employment matters.

10. At all times relevant, Plaintiff was an employee of Defendant as that term is defined in NRS Chapter 608, NRS Chapter 613, 29 U.S.C. § 203, and 42 U.S.C. § 2000e.

11. At all times relevant, Defendant was Plaintiff's employer as that term is defined in NRS Chapter 608, NRS Chapter 613, 29 U.S.C. § 203, and 42 U.S.C. § 2000e.

12. The true names and capacities, whether individual, corporate, associate or otherwise of other Defendants hereinafter designated as Does I-X and Roe Corporations XI-XX, inclusive, who are in some manner responsible for the injuries described herein, and who were, upon information and belief, Plaintiff's "employer" is unknown to Plaintiff at this time who therefore sues said Defendants by such fictitious names and will seek leave of the Court to amend this Amended Complaint to show their true names and capacities when ascertained.

13. Plaintiff hereby demands a jury trial on all issues triable by jury herein.

## PROCEDUARL REQUIREMENTS

14. Plaintiff has satisfied all administrative and jurisdictional requirements necessary to maintain this lawsuit. Plaintiff timely filed his charge of discrimination with the Nevada Equal Rights Commission ("NERC") on or about February 11, 2019. *See* a true and correct copy of Plaintiff's Charge of Discrimination attached hereto as **Exhibit 1**.

15. On or about May 31, 2019, the Equal Employment Opportunity Commission ("EEOC") issued Plaintiff a right to sue. *See* a true and correct copy of Plaintiff's Right to Sue attached hereto as **Exhibit 2**.

## FACTUAL ALLEGATIONS

16. On or about July 5, 2016, Kee began his employment with Defendant as an Exterminator Technician.

17. Defendant is a pest control company based in Arizona with approximately 20 branch offices throughout the United States, including a branch office in Las Vegas, Nevada.

18. For approximately the first 2-weeks of his employment, Bulwark trained Kee with its own policies and procedures of being a Bulwark Exterminator Technician.

19. At all times relevant, Kee was an exemplary employee while employed by Defendant.

20. In or about January, 2017, Defendant promoted Kee to a position that managed a territory of accounts.

21. On or about March 28, 2017, while performing a routine extermination service of a residential property, Kee was subject to an unannounced Use and Service Vehicle Inspection by the Nevada Department of Agriculture ("NDA").

22. The NDA Inspection that occurred on or about March 28, 2017 resulted in four separate citations including: (1) Performing application outside scope of the licensed category in violation of NAC 555.400; (2) Failure to have absorbent material in the service vehicle capable of absorbing up to one gallon of spilled pesticide, in violation of NAC 555.425(2)(b); (3) Failure to follow empty container disposal directions, in violation of NAC 555.440(2); and (4) Use of pesticide for site not on label, in violation of NAC 555.440(4).

23. Kee was unaware of any law or regulation that required him to spray within ten (10) feet of a structure.

24. Bulwark trained Kee to spray the entire yard and outside area of a home, including areas beyond ten (10) feet of a structure.

25. Bulwark did not train Kee to possess absorbent material in the Service Vehicle and

Page 3 of 10

dispose of empty containers in accordance with Nevada law.

26. The NDA Inspection that occurred on or about March 28, 2017 resulted in a fine that Bulwark deducted from Kee's paycheck.

27. In or about May, 2018, Mr. Wayne Bryant, Kee's supervisor and Bulwark Las Vegas Branch Manager ("Branch Manager"), instructed Kee to spray pesticides beyond ten (10) feet of a home.

28. After Kee refused to spray pesticides beyond ten (10) feet of the home, Branch Manager told Kee that he was a former Correctional Officer in the State of Texas and said "you can do things my way or the highway."

29. Branch Manager is a Caucasian male and Kee is an African American male.

30. Branch Manager intentionally withheld several of Kee's positive reviews, from which Kee was not compensated commission for.

31. Upon information and belief, Branch Manager intentionally withheld pertinent job-related communication from Kee.

32. On or about July 6, 2017, NDA filed a Complaint and Notice of Hearing against Bulwark, which sought to revoke, suspend or modify Bulwark's pest control license.

33. After the filing of the Compliant, the disparate treatment of Mr. Kee by Branch Manager and other Bulwark supervisors became exacerbated.

34. Kee was subject to several instances of racial discrimination and racial epithets by Bulwark customers which Bulwark was aware of, which included customers calling him "Nigger" and yelling at Kee to get off their property.

35. Kee understood these acts and comments by Bulwark customers and Bulwark's acquiescence thereto as stereotypical and discriminatory on the basis of his race.

36. Despite this hostile work environment, Kee continued to be an excellent Exterminator Technician.

37. Kee made internal complaints to Bulwark about Branch Manager and Bulwark customers.

38. Upon information and belief, Bulwark did not investigate Kee's complaints about

Page 4 of 10

Branch Manager.

39. Upon information and belief, Bulwark did not investigate the racist acts and comments Kee was subjected to by customers and demanded Kee to continue servicing these customers.

40. Further, Kee made internal complaints that he felt he was being retaliated against by Branch Manager and other Bulwark supervisors because of his complaints and refusal to spray pesticides beyond ten (10) feet of homes.

41. On or about September 10, 2018, Defendant terminated Kee.

42. Defendant's termination of Kee occurred a short time after Kee made internal complaints and a short time after the NDA investigation was concluded.

43. Defendant's proffered reason of termination was that Kee generated too many customer complaints and did not come into the office for a scheduled download.

44. Defendant's proffered reason for termination was pretextual.

45. Kee was terminated in retaliation for his participation in protected activities.

46. Upon information and belief, after Bulwark terminated Kee, it terminated Branch Manager.

## FIRST CAUSE OF ACTION
## RACE DISCRIMINATION/HARASSMENT
## 42 U.S.C. § 2000e *et seq.* / NRS § 613.330

47. Kee hereby realleges and incorporates each and every allegation previously made herein.

48. Kee is African-American.

49. Kee was an exemplary employee and qualified for his position.

50. Despite his qualifications, Defendant, through the actions of its agents as more fully set forth above, subjected Kee to adverse employment actions, including, but not limited to, harassing Kee by inflicting derogatory and offensive comments based on Kee's race and by discriminating against and eventually terminating Kee on the basis of his race.

51. Defendant, through its agents, participated in conduct that was degrading to Kee

and African-Americans. Such conduct had the purpose or effect of creating an intimidating, hostile, and offensive work environment, and had the purpose or effect of unreasonably interfering with Kee's work performance.

52. The acts and/or omissions of Defendant and its agents complained of herein are in violation of 42 U.S.C. § 2000e *et seq*.

53. The acts and/or omissions of Defendant and its agents complained of herein are in violation of NRS § 613.330 *et seq*.

54. As a direct and proximate result of Defendant's unlawful activity, Kee has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

55. The conduct of Defendant has been malicious, fraudulent or oppressive and was designed to vex, annoy, harass or humiliate Kee and, thus, Kee is entitled to punitive damages with respect to his claim.

56. As a result of Defendant's conduct, as set forth herein, Kee has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

## SECOND CAUSE OF ACTION
## RETALIATION
### 42 U.S.C. § 12203 / 42 U.S.C. § 2000e *et seq*. / NRS § 613.340

57. Kee hereby realleges and incorporates each and every allegation previously made herein.

58. As set forth more fully above, Defendant retaliated against Kee when he opposed discrimination and unlawful conduct, in good faith, as detailed in his internal complaint(s) and/or discussion(s) with Defendant.

59. There exists a temporal proximity in relation to Kee's complaints of unlawful discrimination and Kee's resulting termination.

60. Defendant subjected Kee to undeserved disciplinary conduct and eventual termination in close proximity after Kee complained to Defendant of discriminatory behavior and requested reasonable accommodations.

61. Defendant retaliated against Kee when he opposed discrimination and unlawful conduct by terminating Kee and subjecting him to harassing behavior.

62. This retaliatory action was in response to Kee's participation in protected activities.

63. Defendant's termination of Kee constituted a retaliatory discharge in violation of 42 U.S.C. § 12203, 42 U.S.C. § 2000e *et seq.*, and NRS § 613.340.

64. By taking these adverse actions, Defendant has engaged in discriminatory practices with malice and/or with reckless disregard to Kee's protected rights. As a result, Kee has been damaged.

65. As a direct and proximate result of Defendant's unlawful activity, Kee has sustained damages in excess of Fifteen Thousand Dollars ($15,000.00).

66. Defendant has acted willfully and maliciously, and with oppression, fraud, or malice, and as a result of Defendant's wrongful conduct, Kee is entitled to an award of exemplary or punitive damages.

67. As a result of Defendant's conduct, as set forth herein, Kee has been required to retain the services of an attorney and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

### THIRD CAUSE OF ACTION
### TORTIOUS DISCHARGE-PUBLIC POLICY TORT
### PUBLIC POLICY OF SAFE EMPLOYMENT PRACTICES
### AND PROTECTION OF HEALTH AND SAFETY

68. Kee hereby realleges and incorporates each and every allegation previously made herein.

69. As set forth more fully above, despite Defendant's express directions, Kee opposed spraying pesticides beyond ten (10) feet of homes because it was unlawful and involved the health and safety of himself, employees, customers and the community.

70. Defendant terminated Kee for reasons which violate public policy including, but not limited to, Nevada's public policy against terminating Plaintiff for refusing to work under conditions unreasonably dangerous to the employee and/or seeking a safe work place and for

reporting unsafe working conditions to county and/or state agencies.

71. As a direct and proximate result of Defendant's conduct described hereinabove, Kee has been damaged in an amount in excess of Fifteen Thousand Dollars ($15,000).

72. As a result of Defendant's conduct, as set forth herein, Kee has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

73. Defendant acted willfully and maliciously, and with oppression, fraud, or malice, and a result of Defendant's wrongful conduct, Kee is entitled to an award of exemplary or punitive damages.

## FOURTH CAUSE OF ACTION
## NEGLIGENT HIRING, TRAINING, AND SUPERVISION

74. Kee hereby realleges and incorporates each and every allegation previously made herein.

75. Defendant breached its duty of reasonable care to protect Kee from the negligent and/or careless actions of their own agents, officers, employees, customers and others.

76. Defendant breached its duty of reasonable care by hiring individuals with a propensity towards committing unlawful acts against Kee.

77. Defendant breached its duty of reasonable care by failing to adequately train and supervise their employees by with lawful policies and procedures of discrimination, harassment, and retaliation.

78. As a direct and proximate result of Defendant's conduct described hereinabove, Kee has been damaged in an amount in excess of Fifteen Thousand Dollars ($15,000).

79. As a result of Defendant's conduct, as set forth herein, Kee has been required to retain the services of an attorney, and, as a direct, natural, and foreseeable consequence thereof, has been damaged thereby, and is entitled to reasonable attorney's fees and costs.

80. Defendant acted willfully and maliciously, and with oppression, fraud, or malice, and a result of Defendant's wrongful conduct, Kee is entitled to an award of exemplary or punitive damages

## FIFTH CAUSE OF ACTION
## FAILURE TO PAY WAGES
## NEVADA CONSTITUTION / NRS § 608.05 *et seq.*

81. Kee hereby realleges and incorporates each and every allegation previously made herein.

82. Pursuant to Article 15, Section 16 of the Nevada Constitution, and/or NRS § 608.018, *et. seq.*, Kee was entitled to receive lawful minimum wage.

83. Upon information and belief, Defendant did not maintain all personnel records as required under NRS § 608.115.

84. Defendant did not pay Kee the proscribed minimum compensation for such work.

85. Specifically, Defendant's refusal to compensate Kee for all his commission earned is an unlawful deduction under NRS §608 *et seq.*

86. Defendant's failure and refusal to pay lawful wages to Kee violated the Nevada Constitution and NRS § 608 *et seq.*

87. Defendant's failure to pay Kee for all wages earned is also an unlawful decrease under NRS § 608.100.

88. As a result of the foregoing, Kee seeks a judgment against Defendant for the wages owed to him as prescribed by NRS § 608.140, to wit, for a sum equal to up to thirty days' wages, along with interest, costs and attorney's fees.

89. Further, Kee seeks all damages under NRS § 608.115 for failure to maintain appropriate personnel records.

90. Kee also seeks all damages under NRS § 608.100 for an unlawful decrease of compensation.

91. As a direct proximate result of Defendants' failure to pay lawful wages to Kee, he has suffered general, special, and consequential damages in an amount in excess of Fifteen Thousand Dollars ($15,000.00).

92. Defendant's acts and/or omissions were fraudulent, malicious, and/or oppressive under NRS § 42.005 and as such Kee is entitled to an award of punitive damages in excess of Fifteen Thousand Dollars ($15,000.00).

93. It was necessary for Kee to retain the services of an attorney to file this action, which entitles Kee to an award of reasonable attorneys' fees and costs in this suit.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

1. For general damages in excess of $15,000.00;
2. For special damages;
3. For consequential damages;
4. For punitive damages;
5. A judgment in the amount of all lawful wages owed to Plaintiff;
6. All damages and penalties owed to Plaintiff under NRS 608.005, *et seq.*;
7. For all damages and relief owed to Plaintiff under the Nevada Constitution and Nevada law;
8. For attorneys' fees and costs incurred in this action; and
9. Such other and further relief as the Court may deem just and proper.

DATED this 27th day of August, 2019.

LAW OFFICE OF STEVEN H. BURKE

By: /s/ Steven H. Burke
STEVEN H. BURKE, ESQ.
Nevada Bar No.: 14037
9205 W. Russell Rd., Ste. 240
Las Vegas, Nevada 89148
T: 702-793-4369 | F: 702-793-4301
Email: stevenburkelaw@gmail.com
*Attorney for Plaintiff*

# EXHIBIT "1"

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | [ ] FEPA<br>[X] EEOC | 487-2018-02053 |

Nevada Equal Rights Commission and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| Mr. Payne Kee | (702) 235-5882 | 1986 |

Street Address: 1325 Miller Ridge Ave, North Las Vegas, NV 89031

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| BULWARK EXTERMINATION | 501+ | (480) 481-2303 |

Street Address: 3932 Octagon Road, N LAS VEGAS, NV 89030

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address:

DISCRIMINATION BASED ON (Check appropriate box(es).)

[X] RACE [X] COLOR [ ] SEX [ ] RELIGION [X] NATIONAL ORIGIN
[X] RETALIATION [ ] AGE [ ] DISABILITY [ ] GENETIC INFORMATION
[ ] OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 01-01-2018   Latest: 09-07-2018
[ ] CONTINUING ACTION

THE PARTICULARS ARE (*If additional paper is needed, attach extra sheet(s)*):

I had been employed by Bulwark Extermination, since in or around July 2016, lastly as a Territorial Manager. Since in or around January 2018 to in or around September 2018, I was harassed by customers. This includes, but is not limited to, customers making racial slurs while I attempt to perform my job duties at their properties. In or around March 2018, I informed management of the harassment; however, the harassment from customers continued. In addition, I was still assigned the same customers that I had initially made racial complaints about. On or about September 7, 2018, I was constructively discharged.

I believe I was discriminated against because of my race, Black, color, (dark skinned), national origin, (US), and retaliated against for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Digitally signed by Payne Kee on 02-11-2019 10:23 AM EST

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(*month, day, year*)

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT "2"

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: Payne Kee
1325 Miller Ridge Ave
North Las Vegas, NV 89031

From: Las Vegas Local Office
333 Las Vegas Blvd South
Suite 5560
Las Vegas, NV 89101

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 487-2018-02053 | Juan N. Serrata, Investigator | (702) 388-5896 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Patricia A. Kane,
Acting Director

MAY 3 1 2019
(Date Mailed)

Enclosures(s)

cc: Todd M. Martin
Gabriel & Ashworth, P.L.L.C.
C/O Stacy Gabriel
10105 E. Via Linda
Suite 103, #392
Scottsdale, AZ 85258-2095